In Special Term—SPENCER, J. presiding.

### JACOB STRADER AND SAMUEL M. HART
*vs.*
### THE CITY OF CINCINNATI.

The opening of a street, by the ordinance of a municipal corporation, is a dedication of the property condemned, to a specific use; *i. e.* a street or highway; and the owners of such property have an immediate right of action therefor against the city.

By the fact of thus ordering the street to be opened, the council declare the necessity for its existence; and cannot afterwards recklessly rescind their action; nor appropriate the property condemned to other uses, especially when other parties, in consequence of obeying such order, have surrendered or acquired valuable rights, and must be greatly damaged by the change.

In such case an injunction will be granted, at the instance of a plaintiff whose rights are thus endangered, restraining the city from so disposing of the property.

The *special* interest of a person, who has either surrendered or acquired a valuable *private* right under such ordinance, will enable him to maintain his suit against such corporation, though the wrong complained of is a *public* injury.

The petition in this case set forth substantially, that on the 13th day of April, 1851, the City Council of Cincinnati passed an ordinance, "to open and extend Hammond Street," in said city, to the width of 40 feet, beginning at a point about 190 feet south of Fourth Street, and thence running north to Fourth Street; for which purpose they condemned about 23 feet on the west side of an alley running through from Hammond to Fourth

Street; part being property owned by the Commercial Bank of Cincinnati, and part being the premises as to which the present controversy arose, then belonging to the heirs of Francis Read, deceased. They also condemned a strip of ground about seven feet off the east side of the alley, then belonging to John C. Short, under whom the plaintiff Hart claimed as lessee, and had built a permanent and expensive brick house, corresponding to the line of the street, as thus ordered to be opened. That the Commercial Bank had executed and delivered to the city a deed of the premises belonging to the bank, which had been thus appropriated. That by said ordinance, the street was to be opened, whenever the assessments therein referred to, should have been paid in; and in pursuance thereof an assessment of damages was duly made, whereby it was found that the heirs of Read were entitled to receive $10,000, and John C. Short, $980. And an assessment of benefits was also made, on the adjacent property, whereby the Commercial Bank was required to pay, and did in fact pay, the sum of $1385, for the opening of the street. That after this, the bank sold a portion of its property, bounding on the street as newly laid out, to the petitioner Strader, the present owner. That subsequently, the City Council caused to be paid out of the City treasury the amount of damages awarded to the heirs of Read, and took from them, in the name of the city, a deed of conveyance for the property condemned. Whether the city had been fully reimbursed by the assessments ordered, and made, was not disclosed. The petition further set forth, that on the 5th day of July last, the City Council, by resolution, ordered the last mentioned premises to be sold; had caused them to be advertised for that pur-

pose, and was about proceeding to sell the same by auction; and would so do, unless restrained by injunction. It concluded therefore with a prayer for a perpetual injunction, and that the defendants might be compelled to open the street. To this petition there was a demurrer, assigning for cause that it did not contain facts sufficient to constitute a cause of action.

SPENCER, J.   The opening of the street by ordinance was a dedication of the property condemned, to specific public uses, *i. e.* as a highway or street; and the owners of such property had an immediate right of action therefor, against the city.   By the fact of ordering the street to be thus opened, the Council have declared the public necessity for its existence; and cannot afterwards recklessly rescind their action, nor appropriate the property condemned, to other uses; especially where other parties, in consequence of obeying such order, have surrendered or acquired valuable rights, and must be greatly damaged by the change.

Such is the condition of the present case.   One of the plaintiffs, by conforming to the ordinance, has parted with six or seven feet of valuable ground, which cannot be resumed, without the destruction of an expensive building, while the other has purchased a lot, as though it were bounded on a *street,* to which there will be no access, should the dedication be abandoned.   In addition to this, the city has received a deed of conveyance for part of the property condemned, and a large sum of money, from the Commercial Bank, (through whom one of the plaintiffs claims,) as the condition of such appropriation and dedication. Any attempt, therefore, to dispose of the property con-

demned for a street, for other and different uses, must be regarded as a breach of public trust; and any unnecessary delay to enforce the ordinance, as a neglect of public duty, not less than a violation of private right, which ought to be restrained.

As to the objection, that the action is not well brought by the present plaintiffs, on account of the *public* nature of the wrong complained of, it is answered by the fact, that the plaintiffs have a *special* interest in the matter, exceeding that which is common to the public at large, and have therefore a special right to the protection of the law. The demurrer will therefore be overruled; and unless an answer be put in, denying or avoiding the facts set forth in the petition, the injunction heretofore granted, will be made *perpetual.* A case of such neglect to open the street has not been presented, as to warrant us at this time, in granting further relief. The cause, however, will be retained for that purpose, should further action become necessary.

Judgment accordingly.